(No. 15108.—Judgment affirmed.)

THE PEOPLE ex rel. Patrick J. Carr, County Collector, Appellant, vs. THE CHICAGO DOCK AND CANAL COMPANY, Appellee.

*Opinion filed February 21, 1923.*

TAXES—*when increase in valuation of property is unauthorized.* The board of review has no authority to reduce for one year the valuation fixed by the board of assessors in the quadrennial assessment, and in the following year, without notice to the tax-payer, adopt the increased valuation, which was again fixed by the board of assessors at the same amount as it was prior to the reduction. (*People* v. *Keogh, ante,* p. 323, followed.)

APPEAL from the County Court of Cook county; the Hon. F. S. RIGHEIMER, Judge, presiding.

ROBERT E. CROWE, State's Attorney, GEORGE E. GORMAN, and WILLIAM H. DUVAL, (HAYDEN N. BELL, W. W. DEARMOND, and ROY MASSENA, of counsel,) for appellant.

CARROLL & SCHAEFFER, and CUTTING, MOORE & SIDLEY, (CHARLES S. CUTTING, of counsel,) for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

The county court of Cook county sustained the objections of appellee to forty per cent of the tax sought to be collected against its real estate, and the People have appealed. It is stipulated that the collector made a *prima facie* case.

The facts are these: In 1919 the board of assessors valued the appellee's land at $675,000, and the board of review, upon complaint filed by appellee, reduced the assessment to $405,000. In 1920 the board of assessors again valued the land at $675,000, and the board of review again, upon complaint by appellee, reduced its valuation to $405,-000. In 1921 the same action was taken by the board of assessors, and it for the third time valued the land at

$675,000. Appellee, as in previous cases, filed its complaint with the board of review, and that board confirmed the assessment. It is conceded that no hearing was had before the board of assessors, either in 1920 or 1921, when the valuation of the property was again fixed at the figure placed upon it at the quadrennial assessment in 1919, before the reduction by the board of review that year. Appellee paid all taxes due on the valuation fixed by the board of review in 1919.

Appellant claims that each reduction in the valuation was for one year only, and that this being true, the board of assessors merely continued the quadrennial assessment of 1919 made by it in each year without any change, and that the action of the board of review was, as we understand the effect of the argument, in effect a rebate of a certain part of the taxes by a temporary change of valuation. Appellee contends that the board of assessors had no power, without notice and a hearing, to change the assessed valuation of appellee's property from the amount to which it was reduced by the board of review in 1919; that such change was utterly void, and that the act of the board of review confirming the assessment in 1921 was not, in itself, a re-valuation of the property; also that the board of review could not have re-valued the property of appellee without giving it notice and having a hearing thereon, as required by law.

The power of boards of assessors and boards of review in this connection was considered by this court in the case of *People* v. *Keogh,* (*ante,* p. 323,) where it was held that the board of review had no authority to make a change in the valuation for one year only, so as to permit the board of assessors to return to the valuation as it stood previous to the reduction by the board of review, and that where the board of assessors and board of review, without notice to the tax-payer, restored the valuation under the assessment, such action was without authority and void. The decision

of that case is controlling here. The action of the board of assessors was void, and the board of review cannot, by affirming such action, render it valid.

The county court did not err in sustaining the objections of the appellee, and its judgment will be affirmed.

*Judgment affirmed.*